IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAKOTA FLYNN,

    Plaintiff,

v.                                                      Case No. 2:24-cv-1076 KG/DLM

REBECCA HANKS, and
4 ELEMENTS OILFIELD SERVICES, LLC,

    Defendants.

## **SCHEDULING ORDER**

The parties submitted a Joint Status Report. (Doc. 9.) The Court adopts the Joint Status Report except as modified by this Scheduling Order and rulings provided at the Scheduling Conference. (*See* Doc. 19.) Having reviewed the parties' Joint Status Report, the Court sets the following pretrial deadlines.

### I.    **Deadline to Amend or Join Parties**

The deadline for Plaintiff to amend the Complaint and to join additional parties is **March 1, 2025**. The deadline for Defendant to amend the answer and to join additional parties is **April 1, 2025**.

### II.    **Written Discovery and Depositions**

Each side may serve on the other side 25 interrogatories, 25 requests for admission, and 25 requests for production. Responses shall be served within 30 days. Depositions shall be limited to 10 per party. Depositions are limited to four hours. All Rule 30(b)(6) witnesses are considered to be *one* witness, and the deposition(s) of any/all Rule 30(b)(6) witness(es) are limited to seven hours in total. These limits may be extended by agreement among all counsel.

**III.     Expert Witnesses**

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756–57 (7th Cir. 2004); Fed. R. Civ. P. 26(a)(2)(B) & (C); D.N.M. LR-Civ. 26.3(b). Plaintiff shall identify to Defendants in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **June 1, 2025**. Defendants shall identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **August 1, 2025**.

**IV.     Discovery Deadline**

The termination date for discovery is **September 15, 2025**. Discovery shall not be reopened between these parties, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

**V.     Discovery Motions**

Motions relating to discovery[1] (including, but not limited to, motions to compel and motions for protective order) shall be filed no later than **October 1, 2025**. Local Rule of Civil Procedure 7 provides motion practice requirements and timing of responses and replies. This

---

[1] Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the 21-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.

deadline shall not be construed to extend the 21-day time limit in Local Rule of Civil Procedure 26.6.

If the parties reach an impasse on a discovery issue and a discovery motion appears imminent, the undersigned encourages the following process *prior* to filing a formal motion: the party contemplating the motion shall file a "motion for an informal discovery conference" and, simultaneously, email or call chambers (copying opposing counsel) to arrange a date for the conference. The 21-day deadline to file a motion to compel set out in D.N.M. LR-Civ. 26.6 shall be tolled from the date a party requests an informal discovery conference until the date the Court holds the informal conference.

The Court strongly encourages parties to move for an informal conference to resolve disputes efficiently, reduce costs for clients, and avoid the potential award of attorney's fees under Federal Rule of Civil Procedure 37(a)(5). Nevertheless, parties ordinarily are not required to request an informal conference before filing a discovery motion.[2] If all disputed issues have not been resolved after an informal conference, a discovery motion may be filed on the issues that remain.

### VI.    Dispositive Motions

Pretrial motions, other than discovery motions, shall be filed no later than **October 14, 2025**.[3] Local Rule of Civil Procedure 7 shall also control their form and timing. Any pretrial

---

[2] If this matter becomes significantly burdened by discovery motions, the Court will require the parties to request an informal discovery conference before filing discovery motions. *See* Fed. R. Civ. P. 16(b)(3)(B)(v) (permitting a scheduling order to "direct that before moving for an order relating to discovery, the movant must request a conference with the court"); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (stating that district courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for motions in limine in a separate order.

motions, other than discovery motions, filed after the above dates may be considered untimely in the discretion of the Court.

All motion practice, whether discovery or dispositive, must be conducted in accordance with the Local Rules of the Court. In particular, the Court highlights Local Rule 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties." D.N.M. LR-Civ. 7.4(a). "For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed." *Id.* "If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable [14-]day period." *Id.* Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.* If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

The presiding judge will establish the trial schedule and associated deadlines.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE